## S07A0224. HICKS v. THE STATE.
### (642 SE2d 31)

CARLEY, Justice.

In 1992, Jermarco Hicks pled guilty to charges of murder and armed robbery. He was represented by counsel at the hearing where the pleas were tendered and accepted. Hicks did not appeal from the judgments of conviction and sentences entered on the pleas. In 2004, however, he did file a pro se "Motion for Void Judgment," which was, in essence, a motion to withdraw his guilty pleas. The trial court dismissed the motion because it was untimely, and this Court affirmed. *Hicks v. State*, 279 Ga. 303 (612 SE2d 801) (2005).

During the pendency of that appeal, Hicks filed a pro se motion for an out-of-time appeal from the judgments of conviction and sentences entered on his 1992 guilty pleas. The trial court denied that motion on October 6, 2005. Hicks attempted to appeal, but the clerk of the trial court returned the notice of appeal and his request to proceed in forma pauperis. Hicks then filed a pro se motion seeking an out-of-time appeal from the October 6, 2005 order. After conducting a hearing, the trial court granted the motion, finding that Hicks had made a timely attempt to appeal the order, but that his effort had been frustrated by errors committed by its clerk's office. Accordingly, Hicks now appeals pro se from the October 6, 2005 order which denied his motion for an out-of-time appeal from the judgments of conviction and sentences entered on his guilty pleas.

An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant

must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. [Cit.] The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

*Grantham v. State,* 267 Ga. 635 (481 SE2d 219) (1997).

Accordingly, the denial of [Hicks'] motion for an out-of-time appeal can be reversed "if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." [Cit.]

*Smith v. State,* 266 Ga. 687 (470 SE2d 436) (1996).
"With a few limited exceptions . . . , a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea. [Cit.]" *Edmond v. State,* 214 Ga. App. 707, 708 (1) (448 SE2d 775) (1994).

The [S]tate has the burden on direct review to show that the plea was intelligently and voluntarily entered. [Cits.] The [S]tate may meet its burden by showing on the record of the guilty plea hearing that the defendant was aware of the rights being waived and the consequences of the plea . . . . [Cit.]

*King v. State,* 270 Ga. 367, 369 (1) (509 SE2d 32) (1998). Here, the trial court reviewed the transcript of Hicks' guilty plea hearing and found that it did not show any meritorious ground for a direct appeal. Our review of the transcript confirms that assessment. The transcript shows that Hicks acknowledged that he was aware that his plea would result in a waiver of his rights to a jury trial, against self-incrimination and to confront the witnesses against him. *Green v. State,* 265 Ga. 263 (1) (454 SE2d 466) (1995). It also demonstrates that he was apprised of the consequences of his plea, and that he expressed his understanding of those consequences. *Green v. State,* supra. A factual basis for the plea was established on the record, when "the prosecutor stat[ed] what he expected the evidence to show at trial." *State v. Evans,* 265 Ga. 332, 335 (2) (454 SE2d 468) (1995).

Hicks affirmed that his attorney had explained the charges to him. See *Henderson v. Morgan*, 426 U. S. 637, 647 (II) (96 SC 2253, 49 LE2d 108) (1976). Compare *Breland v. Smith*, 247 Ga. 690, 692 (2) (279 SE2d 204) (1981). Contrary to Hicks' contentions, the indictment was sufficient to charge him with the crime of malice murder, and was not fatally defective and void. Compare *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995).

Under these circumstances,

> even if [Hicks] were able to present some evidence showing that his attorney had failed to file an appeal on his behalf, such a failure would not amount to ineffective assistance of counsel because it is apparent from the transcript of the plea hearing that the issues [he] now seeks to raise in an out-of-time appeal are completely without merit. . . . An attorney's failure to file an appeal frivolously attacking [the] indisputable facts proved by the transcript could not be deemed ineffectiveness.

*Brown v. State*, 241 Ga. App. 359, 360-361 (526 SE2d 873) (1999). See also *Bowers v. State*, 267 Ga. App. 260 (1) (599 SE2d 249) (2004). Therefore, the trial court did not err in denying Hicks' motion for an out-of-time appeal.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who is disqualified.*

DECIDED FEBRUARY 5, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

Jermarco Hicks, *pro se.*

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.