## A09A0230. TOMLIN v. THE STATE.

(671 SE2d 865)

BLACKBURN, Presiding Judge.

Following the denial of his motion to withdraw his guilty plea to the offense of voluntary manslaughter,[1] Jake Tomlin appeals, arguing that there was no factual basis for his plea and that his plea was not entered voluntarily or intelligently because he was not informed that intent was an element of the offense. For the reasons set forth below, we affirm.

The record shows that in 2003, Tomlin was charged with one count of murder, one count of felony murder, and one count of aggravated assault in an indictment that alleged that he stabbed his estranged wife to death with a knife. At his plea hearing on November 15, 2005, Tomlin maintained his innocence but pled guilty under *North Carolina v. Alford*[2] to voluntary manslaughter and received a negotiated sentence of 20 years with 15 to serve. Less than one month later, Tomlin filed a pro se motion to withdraw his guilty plea, which alleged that his trial counsel provided ineffective assistance. One week later, Tomlin's trial counsel also filed a motion to withdraw the guilty plea, in which Tomlin again alleged ineffective assistance of counsel and in which Tomlin requested that new counsel be appointed. Subsequently, the trial court appointed new counsel, and thereafter the court held a hearing on Tomlin's motion to withdraw his guilty plea, which it denied. This appeal followed.

"After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." (Punctuation omitted.) *McDowell v. State*.[3] An example of manifest injustice warranting withdrawal is when a guilty plea is entered involuntarily or without an understanding of the nature of the charges. *State v. Evans*.[4] "When a

---

[1] OCGA § 16-5-2 (a).

[2] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). Under *Alford*, the trial court may accept a guilty plea from a defendant who maintains his innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea. *Duque v. State*, 271 Ga. App. 154 (1) (608 SE2d 738) (2004).

[3] *McDowell v. State*, 282 Ga. App. 754, 755 (639 SE2d 644) (2006).

[4] *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

defendant so challenges the validity of his guilty plea, the [S]tate bears the burden of showing that the plea was made voluntarily, knowingly and intelligently." (Punctuation omitted.) *McDowell*, supra, 282 Ga. App. at 755.

1. Tomlin contends that the trial court erred in denying his motion to withdraw his guilty plea, arguing that there was no factual basis to support the offense of voluntary manslaughter. We disagree.

Uniform Superior Court Rule 33.9 provides that "[n]otwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." See *Maddox v. State*[5] (to accept a guilty plea, the court must determine that there is a factual basis for the plea). "The purpose of the rule is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged." (Punctuation omitted.) *Brown v. State*.[6] Because Rule 33.9 "requires the trial court to exercise its discretion to subjectively satisfy itself that there is a factual basis for the plea, it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred." (Punctuation omitted.) Id. See *Evans*, supra, 265 Ga. at 334 (2).

At the plea hearing in this matter, the prosecutor stated that the evidence would have shown that on April 12, 2002, family members found the corpse of Tomlin's estranged wife in the kitchen of her mobile home. The evidence would have shown that she had been stabbed several times, that the inside of her mobile home showed signs of a struggle, and that the walls inside her home were spattered with blood. The prosecutor further stated that the evidence would have shown that Tomlin admitted to a Georgia Bureau of Investigation agent that he had been inside his wife's mobile home on the day of her death, had found her body, had picked up the knife that was used to stab her but quickly put it back down, and had then fled to Florida. The prosecutor also stated that the evidence would have shown that Tomlin and his wife had a violent relationship, that law enforcement had been called to their home in the past because of domestic disturbances, and that shortly before her death, Tomlin told a witness that he was going to kill his wife because she had lied to him about the possibility of reuniting and was possibly in a relationship with another man. Thus, the record demonstrates that the State provided sufficient information to support the trial court's

---

[5] *Maddox v. State*, 278 Ga. 823, 825-826 (3) (607 SE2d 587) (2005).
[6] *Brown v. State*, 261 Ga. App. 448 (1) (582 SE2d 588) (2003).

finding of an adequate factual basis that Tomlin committed the offense of voluntary manslaughter. See *Brown*, supra, 261 Ga. App. at 449 (1). Accordingly, the trial court did not abuse its discretion in denying Tomlin's motion to withdraw his guilty plea on this ground.

2. Tomlin also contends that his plea was not made voluntarily and intelligently because he was not informed that intent was an element of the offense of voluntary manslaughter. We disagree.

"The voluntariness and intelligence of an *Alford* plea is judged by the same standard as a routine guilty plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (Punctuation omitted.) *Henry v. State*.[7] Furthermore,

> [w]hen a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

*Gainer v. State*.[8]

The record in this case includes a Transcription of Defendant's Plea of Guilty form, which was signed by Tomlin and in which he acknowledged that he understood that he was being charged with voluntary manslaughter, that the charge had been satisfactorily explained to him, and that the terms of the negotiated plea were clear to him. See *Maddox*, supra, 278 Ga. at 825-826 (3). In the form, Tomlin also acknowledged that by waiving trial, he was foregoing his right to require that the State prove all elements of the charged offense beyond a reasonable doubt, that he was waiving the right to confront his accusers, that he was waiving the privilege against compulsory self-incrimination, and that he was foregoing the right to trial by jury. See *Beckworth v. State*[9] (three of the constitutional rights waived by guilty plea are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers). At his plea hearing, Tomlin responded affirmatively when the trial court asked if he understood the questions on the plea form. Upon further questioning by the trial court, Tomlin also acknowledged that he had discussed the nature of the voluntary

---

[7] *Henry v. State*, 284 Ga. App. 439, 440 (2) (644 SE2d 191) (2007).

[8] *Gainer v. State*, 267 Ga. App. 408 (599 SE2d 359) (2004).

[9] *Beckworth v. State*, 281 Ga. 41, 42 (635 SE2d 769) (2006).

manslaughter charge with his counsel and that he understood the rights he was waiving by pleading guilty.

> A plea statement form signed by a defendant can be used to show that a guilty plea is knowingly and voluntarily entered, when the plea statement is placed into the record and combined with a colloquy like the one that occurred between the trial court and [Tomlin] in this case.

(Punctuation omitted.) *Henry*, supra, 284 Ga. App. at 441 (2). Moreover, "[w]here, as here, the defendant has legal representation, a presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Punctuation omitted.) *Wharton v. Anderson.*[10] See *Henderson v. Morgan.*[11] Given these circumstances, "[t]he record supports a determination that [Tomlin's] guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him." *Henry*, supra, 284 Ga. App. at 441 (2). See *Wharton*, supra, 270 Ga. at 23 (1). Accordingly, the trial court did not abuse its discretion in denying Tomlin's motion to withdraw his guilty plea on this ground.

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

DECIDED DECEMBER 19, 2008.

*Wendell B. English*, for appellant.

*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.

---

[10] *Wharton v. Anderson*, 270 Ga. 22, 23 (1) (504 SE2d 670) (1998).

[11] *Henderson v. Morgan*, 426 U. S. 637, 647 (II) (96 SC 2253, 49 LE2d 108) (1976).