## A09A1697. CLARK v. THE STATE.

(683 SE2d 93)

BLACKBURN, Presiding Judge.

Following his guilty plea to three felony counts (burglary,[1] aggravated assault with intent to rape,[2] and criminal damage to property in the second degree[3]), Lagarrian Clark appeals the trial court's denial of his motion for an out-of-time appeal. Clark argues that the record failed to show that he knowingly and intelligently entered into the guilty plea and that his counsel's failure to ensure that he knowingly and intelligently entered into the plea constituted ineffective assistance. For the reasons set forth below, we affirm.

Clark was indicted for rape, burglary, aggravated assault with intent to rape, aggravated battery, and criminal damage to property in the second degree based on his attempted home invasion of one elderly woman and his home invasion and attack of a second elderly woman. He agreed to plead guilty to the burglary, aggravated assault, and criminal damage to property charges in return for the State dismissing the rape and aggravated battery charges. Prior to his guilty plea hearing, Clark completed and signed a plea form that informed him of the charges to which he was pleading guilty and the potential sentences associated with those charges. The form also informed him of his constitutional rights, including the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. At his guilty plea hearing on January 12, 2006, the court discussed the charges with Clark and went over the plea form with him to ensure that he understood the constitutional rights that he was waiving by pleading guilty.

At the same hearing, the prosecutor gave the court the following factual basis for the pleas. Clark went to the home of the first elderly woman, whom he somewhat knew, and attempted to kick down the door to her home. When the woman threatened to call the police, he left. Clark then went to the nearby mobile home of a second elderly woman, kicked her door down, attacked her, and threw her down onto her bed. As a result of the attack, the woman suffered broken ribs and a broken arm. Clark then attempted to rape the woman but was unsuccessful. Subsequently, the woman grabbed a firearm, which was hidden near her bed, and attempted to shoot Clark, causing him to flee. The State recovered DNA evidence from the woman's bed and her person that linked Clark to the attack. Following this recitation, Clark confirmed his guilty plea.

---

[1] OCGA § 16-7-1 (a).

[2] OCGA § 16-5-21 (a) (1).

[3] OCGA § 16-7-23 (a) (1).

On March 3, 2009, Clark, acting pro se, filed a motion for an out-of-time appeal, claiming that there was no factual basis supporting the charges to which he pled guilty, that he did not understand the nature of the charges against him, and that his counsel and the court failed to ensure that he understood the nature of those charges. The court denied Clark's motion, finding that it lacked merit. This appeal followed.

Clark contends that his motion for an out-of-time appeal should have been granted because no factual basis supports the charges to which he pled guilty and thus he did not knowingly and intelligently enter into the guilty plea. He further contends that his counsel's failure to ensure that he knowingly and intelligently entered into the plea constituted ineffective assistance. We disagree.

"A defendant who has pled guilty to a crime may obtain an out-of-time appeal only if the issues he seeks to raise can be resolved by facts appearing on the record and if his failure to seek a timely appeal was the result of ineffective assistance of counsel." (Punctuation omitted.) *McCoon v. State*.[4] "[W]here the record shows that the attacks on the guilty plea that a defendant seeks to raise in an out-of-time appeal are without merit, trial counsel cannot have been ineffective in failing to pursue such an appeal, and a trial court thus does not err in denying an out-of-time appeal." *Colbert v. State*.[5] "We review a trial court's denial of a motion for out-of-time direct appeal for an abuse of discretion." (Punctuation omitted.) *Sweeting v. State*.[6]

Here, Clark specifically argues that no factual basis supported the aggravated assault charge against the second elderly woman because he had no intent to rape her and because the element of intent was not explained to him at his plea hearing. These claims are without merit. OCGA § 16-5-21 (a) (1) provides that a person commits the offense of aggravated assault when he assaults with intent to rape. OCGA § 16-5-20 (a) (1) defines assault as attempting to commit a violent injury to the person of another. At Clark's guilty plea hearing, the prosecutor provided the factual basis for this charge, stating that Clark attacked the second elderly woman and threw her down onto her bed before attempting to have sexual intercourse with her. The prosecutor also noted that the State recovered Clark's DNA from the woman's person and her bed. Thus, the prosecutor provided a factual basis supporting the charge of

---

[4] *McCoon v. State*, 294 Ga. App. 490, 491 (669 SE2d 466) (2008).

[5] *Colbert v. State*, 284 Ga. 81, 81-82 (663 SE2d 158) (2008).

[6] *Sweeting v. State*, 291 Ga. App. 693, 694 (662 SE2d 785) (2008).

aggravated assault with intent to rape. See *Boyd v. State*.[7]

Furthermore, the transcript from Clark's guilty plea hearing shows that the court informed Clark of the charges to which he was pleading guilty and that Clark responded affirmatively when the court asked him if he understood the charges. As previously noted, the transcript also shows that the court explained to Clark the constitutional rights that he was waiving by pleading guilty. Additionally, Clark responded affirmatively when asked by the court if his counsel had adequately assisted him regarding his decision to plead guilty. "[W]here, as here, the defendant has legal representation, a presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Punctuation omitted.) *Tomlin v. State*.[8] Finally, after confirming that Clark was making the pleas freely and voluntarily and that he was not pleading guilty because of any promises or threats, the court accepted Clark's pleas. "This procedure complied with the court's obligations when taking a guilty plea." *McCoon*, supra, 294 Ga. App. at 493 (2). See *Maddox v. State*;[9] *Sweeting*, supra, 291 Ga. App. at 694.

Based on this record,

> even if [Clark] were able to present some evidence showing that his attorney had failed to file an appeal on his behalf, such a failure would not amount to ineffective assistance of counsel because it is apparent from the transcript of the plea hearing that the issues he now seeks to raise in an out-of-time appeal are completely without merit. An attorney's failure to file an appeal frivolously attacking the indisputable facts proved by the transcript could not be deemed ineffectiveness.

(Punctuation omitted.) *Hicks v. State*.[10] Accordingly, the trial court did not abuse its discretion in denying Clark's motion for an out-of-time appeal. See *McCoon*, supra, 294 Ga. App. at 493 (2); *Sweeting*, supra, 291 Ga. App. at 695.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 5, 2009.

---

[7] *Boyd v. State*, 289 Ga. App. 342, 343 (1) (a) (656 SE2d 864) (2008).
[8] *Tomlin v. State*, 295 Ga. App. 369, 372 (2) (671 SE2d 865) (2008).
[9] *Maddox v. State*, 278 Ga. 823, 825-826 (3) (607 SE2d 587) (2005).
[10] *Hicks v. State*, 281 Ga. 836, 838 (642 SE2d 31) (2007).

Lagarrian O. Clark, *pro se.*
Robert W. Lavender, *District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.