**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 16, 2015**

# In the Court of Appeals of Georgia

A15A1318. RAHEEM v. THE STATE.

A15A1319. RAHEEM v. THE STATE.

A15A1320. RAHEEM v. THE STATE.

DILLARD, Judge.

Haneef Abdul Raheem, formerly known as Reno Ray Jones, entered guilty pleas to various criminal offenses in 1981, 1982, and 1985. Approximately thirty years later, Raheem filed a *pro se* motion for an out-of-time appeal from each of his convictions, and the trial court denied the motion. In three separate appeals,[1] Raheem

---

[1] Raheem filed a single motion for an out-of-time appeal from all three convictions, and the trial court denied it in one order. Nevertheless, Raheem filed three notices of appeal from that judgment (one as to each underlying criminal case), and the appeals were docketed separately. Case No. A15A1318 involves Raheem's 1982 conviction for burglary; Case No. A15A1319 relates to his 1981 convictions for motor-vehicle theft and hit-and-run; and Case No. A15A1320 relates to his 1985 conviction for armed robbery. Because the parties to these appeals are the same and the issues to be resolved are closely related, we have consolidated them for review.

argues that he is entitled to an out-of-time appeal from each conviction because his guilty pleas were invalid and his trial counsel failed to inform him of his right to appeal.[2] For the reasons set forth *infra*, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

The facts underlying this appeal are largely undisputed. In 1981, Raheem pleaded guilty to motor-vehicle theft and hit-and-run. The next year, he pleaded guilty

[2] Raheem also argues that the trial court correctly denied the State's motion to dismiss his request for an out-of-time appeal. However, this argument does not present a claim of error for this Court to review, and regardless, the trial court's order denying the State's motion to dismiss is not the subject of this consolidated appeal. Notably, as to this enumeration of error, Raheem responds to an argument that the State made before the trial court but does not make on appeal. Specifically, the State argued below that Raheem's motion for an out-of-time appeal is moot because he has completed his sentence for each offense and has not identified any adverse collateral consequences of his convictions. In cases involving misdemeanor offenses, Georgia courts have declined to reach the merits of an appeal when there was no evidence of adverse collateral consequences stemming from the conviction. *See, e.g.*, *Miller v. State*, 288 Ga. 153, 154 (702 SE2d 137) (2010); *Ritchie v. State*, 257 Ga. App. 149, 150 (570 SE2d 435) (2002). But our Supreme Court has explained that "[t]o require a petitioner to allege adverse collateral consequences of a *felony* conviction is in effect requiring him to do a useless act." *Atkins v. Hopper*, 234 Ga. 330, 333 (2) (216 SE2d 89) (1975) (emphasis supplied); *see also Turner v. State*, 284 Ga. 494, 496-97 (1) (668 SE2d 692) (2008) (holding that *Atkins* did not relieve a habeas petitioner of his burden of showing adverse collateral consequences because he sought to challenge a misdemeanor offense, not a felony), *overruled on other grounds by Nazario v. State*, 293 Ga. 480 (746 SE2d 109) (2013). Thus, because Raheem seeks to appeal from felony convictions, he is not required to identify specific adverse collateral consequences to be entitled to a direct appeal.

2

to burglary , and in 1985, to armed robbery. Decades later, in 2013, Raheem filed a *pro se* motion for an out-of-time appeal from all of these convictions, arguing that his guilty pleas were involuntary because, in each plea proceeding, he was not advised of his right to a jury trial, his right to confront the witnesses against him, or his right against self incrimination. Raheem further argued that the essential elements of each of his offenses were not explained to him prior to entering his guilty pleas. As a result, Raheem contends that he is entitled to an out-of-time appeal from each conviction because his guilty pleas were not knowing and voluntary and neither the trial court nor his trial counsel advised him of his limited appellate rights.

The State moved to dismiss Raheem's motion, arguing that, as to at least two of his cases, the plea transcripts show that his guilty pleas were indeed freely and voluntarily entered. The trial court denied the State's motion, noting that there were no transcripts of any of Raheem's plea hearings.[3] Raheem then amended his motion for an out-of-time appeal, reiterating the arguments he made in his original motion

---

[3] Although there are no actual transcripts of Raheem's plea hearings, the record includes, as to each plea proceeding, a document entitled "Transcript," which reflects Raheem's responses to various questions regarding his decision to plead guilty. As to each "transcript," the trial court in the underlying plea proceeding certified that the document reflected the questions that Raheem was asked during the plea hearing and his answers. For ease of reference, these documents are referred to in this opinion as transcripts.

and asserting that his failure to file a timely appeal in each case was due to ineffective assistance of counsel, rather than any fault of his own. Thereafter, Raheem was appointed counsel to represent him at the hearing on his motion.

After the hearing, at which Raheem and his counsel from the 1982 burglary case testified, the trial court denied Raheem's motion for an out-of-time appeal. The court first found that, in the 1981 and 1982 cases, Raheem had established a legitimate issue for appeal because there was no evidence that, during the plea proceedings, he was informed of his right to confront his accusers or his right against compulsory self-incrimination. But as to the 1985 case, the court found that it was apparent from the record that Raheem's guilty plea was knowing and voluntary. Regardless, the court found that Raheem was not entitled to an out-of-time appeal from any of his convictions because he had not shown that he was prejudiced. Specifically, the court found that there was no evidence that the result of the proceedings would have been different if Raheem had taken his case to trial rather than pleading guilty. This appeal follows.[4]

---

[4] The record here indicates that Raheem's convictions have not been the subject of a direct appeal. *See English v. State*, 307 Ga. App. 544, 545 n.4 (705 SE2d 667) (2010) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.").

We begin by noting that a trial court's denial of an out-of-time appeal is reviewed for an abuse of discretion.[5] And it is well established that "[a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea."[6] To the contrary, an appeal will lie from a judgment entered on a guilty plea only if "the issue on appeal can be resolved by facts appearing in the record."[7] But if we determine that the state of the record is such that the criminal defendant had the right to file a direct appeal from his guilty plea, we will then consider whether "the record, nevertheless, shows that those issues must be resolved against him."[8] If the record evidence is such that the issues in question cannot be resolved dispositively against the criminal defendant, we must then consider whether "the defendant's right to appeal was frustrated by the

---

[5] *See Lewis v. State*, 293 Ga. 544, 545 (748 SE2d 414) (2013).

[6] *Green v. State*, 291 Ga. 506, 506 (1) (731 SE2d 357) (2012) (punctuation omitted); *accord Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007).

[7] *Green*, 291 Ga. at 506 (1) (punctuation omitted); *accord Barlow*, 282 Ga. at 233.

[8] *English*, 307 Ga. App. at 546 (1) (punctuation omitted); *accord Moore v. State*, 285 Ga. 855, 856 (1) (684 SE2d 605) (2009).

5

ineffective assistance of counsel."[9] And as with any case involving claims of ineffective assistance of counsel, a criminal defendant must meet the now familiar standard set forth in *Strickland v. Washington*,[10] and "show both that his trial counsel provided deficient performance, and that but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different, which in the present context means that an appeal would have been successful."[11] With these guiding principles in mind, we turn now to Raheem's specific claims of error.

### Case Nos. A15A1318 and A15A1319

1. Raheem argues that the trial court erred in denying his motion for an out-of-time appeal from his 1981 and 1982 convictions because he was not informed of certain constitutional rights required under *Boykin v. Alabama*[12] before pleading

---

[9] *English*, 307 Ga. App. at 546 (1) (punctuation omitted); *accord Fleming v. State*, 276 Ga. App. 491, 491-92 (1) (623 SE2d 696) (2005); *see also Moore v. State*, 304 Ga. App. 105, 105-06 (695 SE2d 661) (2010) ("An out-of-time appeal is available only when an appellant can show first, that he actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. A defendant who pleads guilty to a crime has no unqualified right to a direct appeal.").

[10] 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[11] *Coulter v. State*, 295 Ga. 699, 701 (1) (763 SE2d 713) (2014).

[12] 395 U.S. 238 (89 SCt 1709, 23 LEd2d 274) (1969).

6

guilty and because his trial counsel was ineffective for failing to inform him of his limited right to appeal. Like the trial court, we agree with Raheem that, during the plea proceedings in these cases, he was not advised of all of his "*Boykin* rights." And for the reasons set forth below, we reverse the trial court's denial of Raheem's motion for an out-of-time appeal from his 1981 and 1982 convictions and remand the case for further proceedings consistent with this opinion.[13]

It is well established that, to properly form the basis for a judgment of conviction, a guilty plea must be "voluntary, knowing, and intelligent."[14] And under the Supreme Court of the United States's decision in *Boykin*, a defendant entering a

---

[13] The parties debate whether the Supreme Court of Georgia's recent ruling in *Lejeune v. McLaughlin*, 296 Ga. 291 (766 SE2d 803) (2014), a habeas case, shifts the burden to the defendant in a direct appeal to prove that his guilty plea was not knowing and voluntary, rather than requiring the State to prove otherwise. But there is nothing in *Lejeune* remotely suggesting that the State no longer has the burden of demonstrating, in the context of a direct appeal from a judgment of conviction, that a defendant's guilty plea was voluntary, knowing, and intelligent. *See id.* at 295 (2) (noting that the Supreme Court of the United States held in *Boykin* that "the United States Constitution requires the State to bear the burden of showing on direct review that a plea was voluntary, knowing, and intelligent"). And here, Raheem has moved for an out-of-time direct appeal from his convictions, rather than pursuing a post-conviction collateral attack.

[14] *Lejeune v. McLaughlin*, 296 Ga. 291, 291 (1) (766 SE2d 803) (2014); *see also Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007) ("With a few limited exceptions, a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea." (punctuation omitted)).

7

guilty plea must be specifically advised of three federal constitutional rights: "the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers."[15]

Here, the record shows that during his 1981 and 1982 plea proceedings, Raheem was advised of only one of the three *Boykin* rights. And as previously noted, while there is no actual transcript of his plea proceedings in those cases, there were documents, each entitled "transcript," that reflected Raheem's answers to questions he was asked in open court. Both transcripts, which were nearly identical, reflected that Raheem was informed of his right to a jury trial, but not of his right against compulsory self-incrimination or his right to confront his accusers.[16] Thus, as to these two cases, the record shows a valid issue for appeal that cannot be resolved dispositively against Raheem.

---

[15] *Foster v. State*, 319 Ga. App. 815, 816 (2) (738 SE2d 651) (2013); *accord Childs v. State*, 311 Ga. App. 891, 891 (1) (717 SE2d 509) (2011); *see also Boykin*, 395 U.S. at 243.

[16] Raheem's counsel in the 1982 burglary case testified that "the *Boykin* rights weren't specifically considered at that time because the court system was unaware of it or didn't use the *Boykin* case in the[ ] plea process."

8

Given the foregoing, we will next consider whether Raheem's right to appeal was frustrated by ineffective assistance of counsel.[17] In this respect, the Supreme Court of Georgia has explained that "[w]ith regard to an out-of-time appeal, the only relevant effectiveness factor is whether the defendant had a possible ground for appeal about which his lawyer failed to inform him."[18] Indeed, the right to appeal is violated when the appointed lawyer "deliberately forgoes the direct appeal without first obtaining his client's consent [and] [s]uch action constitutes ineffectiveness."[19] However, when a convicted party by his own conduct or in concert with his counsel has slept on his rights, he "forfeits his right to appeal."[20]

---

[17] *See English*, 307 Ga. App. at 546 (1); *Fleming*, 276 Ga. App. at 491-92 (1).

[18] *Barlow*, 282 Ga. at 234; *see Carter v. Johnson*, 278 Ga. 202, 205 (2) (599 SE2d 170) (2004) ("In Georgia, an out-of-time appeal is the remedy for a frustrated right of appeal, where the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights." (punctuation omitted)); *Floyd v. State*, 279 Ga. App. 21, 23 (630 SE2d 168) (2006) (noting that "the defendant's right to effective assistance of counsel includes the right to be informed of the right to appeal").

[19] *Barlow*, 282 Ga. at 234 (punctuation omitted); *accord Floyd*, 279 Ga. App. at 23.

[20] *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000); *see also Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) ("If there is evidence sufficient to authorize a finding that the movant's conduct caused the loss of the right to direct appeal, the movant is not entitled to an out-of-time appeal.").

In the case *sub judice*, Raheem testified that he was not informed of his limited right to appeal his convictions in any of his plea proceedings, and the only other witness at the hearing was his attorney from the 1982 burglary case. In relevant part, Raheem's former counsel testified that, although he had no recollection of Raheem's specific case, it was not his general practice in 1982 to advise clients of their right to appeal during plea discussions. Counsel further explained that, during this "era," the right to appeal after a guilty plea would not have been discussed because such appeals "never occurred." Instead, if one of his clients was dissatisfied with a guilty plea, he would advise the client to file a motion to withdraw the plea or seek habeas-corpus relief.

Despite the foregoing, the trial court made no findings with regard to whether Raheem's failure to file a timely appeal from his 1981 or 1982 convictions was his own fault or solely the result of his counsel's failure to advise him of his right to appeal.[21] Instead, the court found that Raheem was not prejudiced because there was

---

[21] *See Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005) (noting that defendant's allegation that he was deprived of his right to a direct appeal because his counsel was ineffective "requires that a trial court . . . determine whether the failure to pursue a timely direct appeal was attributable to [the defendant] himself or his then legal representative" (punctuation omitted)); *Hudson v. State*, 278 Ga. 409, 410 (1) (603 SE2d 242) (2004) (holding that the trial court erred in denying a motion for an out-of-time appeal when the court focused on the timing of the defendant's effort to

10

no evidence that the outcome of the proceedings would have been different if he had *proceeded to trial* rather than pleading guilty. But as our Supreme Court has explained, a showing of prejudice in this context requires a defendant to show that there is a reasonable probability that, but for counsel's deficient performance, *the appeal* would have been successful.[22] And this makes perfect sense because it would be impossible for a trial court to determine the likely outcome of a trial that never occurred or to evaluate evidence that was never presented.

Thus, the trial court erred in denying Raheem's motion for an out-of-time appeal from his 1981 and 1982 convictions "without resolving the determinative issue of whether the failure to pursue a timely direct appeal was attributable to trial counsel or to [Raheem] himself."[23] Accordingly, we reverse the trial court's denial of Raheem's motion to file an out-of-time appeal as to those convictions, and we remand

---

seek an out-of-time appeal, "rather than resolving the *determinative issue* of whether the initial failure to pursue a timely direct appeal was attributable to trial counsel or to the defendant himself" (emphasis supplied)); *Barnes*, 243 Ga. App. at 704 (noting that "[a]n out-of-time appeal will not be authorized if the delay was attributable to the conduct or actions of [the defendant], either alone or in concert with counsel").

[22] *See Coulter*, 295 Ga. at 701 (1); *Stephens v. State*, 291 Ga. 837, 838-39 (1) (733 SE2d 266) (2012).

[23] *Nesbitt v. State*, 295 Ga. App. 394, 396 (671 SE2d 877) (2008); *see supra* note 21.

11

the case with direction that the court conduct the requisite inquiry and make findings regarding who ultimately bore the responsibility for Raheem's failure to file a timely appeal.[24]

## Case No. A15A1320

2. As to his 1985 armed-robbery conviction, Raheem argues that the trial court erred in denying his motion for an out-of-time appeal because he was not informed of the specific elements of the offense during his plea proceedings. He also asserts that his trial counsel was ineffective for failing to inform him of his appellate rights. We disagree.

---

[24] *See Jackson*, 280 Ga. at 28 (holding that the trial court abused its discretion in denying a motion for an out-of-time appeal when it failed to make a factual inquiry regarding whether the defendant's failure to file a timely appeal was attributable to the defendant himself or his then legal representative, and remanding the case for the trial court to make such an inquiry); *Hudson*, 278 Ga. at 410 (1) (reversing a trial court's denial of a motion for an out-of-time appeal and remanding "with direction that the trial court conduct the requisite inquiry as to who ultimately bore the responsibility for the failure to file a timely appeal" (punctuation omitted)); *Nesbitt*, 295 Ga. App. at 396 (same); *Fleming*, 276 Ga. App. at 494 (1); *see also Barnes*, 243 Ga. App. at 704-05 (vacating a trial court's dismissal of a defendant's motion for an out-of-time appeal when it was unclear from the record whether the trial court conducted an inquiry regarding who bore the responsibility for the defendant's failure to file a timely appeal, and noting that an out-of-time appeal is not authorized if the delay was attributable to the conduct of the defendant, either alone or in concert with counsel).

Raheem does not maintain that he was unaware that he was pleading guilty to armed robbery, but he argues instead that his plea was involuntary because he was not advised of each element of the offense. In this regard, the Supreme Court of the United States has held that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."[25] But in applying this principle, Georgia courts have consistently held that "the law does not require the trial court to personally inform the accused of the elements of the crime to which he is pleading guilty."[26] Instead, when the defendant has legal representation, "a

---

[25] *Boykin*, 395 U.S. at 243 n. 5; *see Gaddy v. Linahan*, 780 F2d 935, 944 (II) (A) (11th Cir. 1986) ("[F]or a plea to be knowing and voluntary, the defendant must be informed of the elements of the offense either at the plea hearing or on some prior occasion, and he must understand them.").

[26] *Mock v. State*, 218 Ga. App. 514, 517 (2) (462 SE2d 429) (1995); *accord Thompson v. State*, 240 Ga. App. 539, 539 (1) (b) (524 SE2d 239) (1999); *Clark v. State*, 186 Ga. App. 106, 107 (1) (366 SE2d 361) (1988); *see also Gaddy*, 780 F2d at 944 (II) (A) (noting that due process does not require a defendant to be informed of each element of the offense at the plea hearing and that "[m]ost commonly, his attorney provides such information").

presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."[27]

Here, as with Raheem's prior guilty pleas, the record included a written questionnaire, entitled "transcript," that documented Raheem's answers to various questions regarding his guilty plea. But unlike the prior transcripts, the 1985 transcript shows that Raheem was indeed advised of all three *Boykin* rights. The transcript also reflects that Raheem confirmed that his attorney had "explained the charges" against him and that they had discussed the case "thoroughly." Moreover, the trial court in the plea proceeding certified that Raheem made these representations in open court and that he had been fully advised of the charges against him. Under these particular circumstances, we may presume that, in thoroughly explaining the charged offense, Raheem's counsel advised him of the nature of his offense in sufficient detail to render his plea knowing and voluntary.[28]

---

[27] *Clark v. State*, 299 Ga. App. 558, 560 (683 SE2d 93) (2009) (punctuation omitted); *accord Tomlin v. State*, 295 Ga. App. 369, 372 (2) (671 SE2d 865) (2008); *Thompson*, 240 Ga. App. at 539-40 (1) (b).

[28] *See Clark*, 299 Ga. App. at 560 (presuming that the defendant's counsel adequately explained the nature of the offense in sufficient detail when the defendant indicated that he understood the charges against him and that his counsel adequately assisted him in his decision to plead guilty); *Tomlin*, 295 Ga. App. at 371-72 (2) (holding that a defendant's guilty plea was knowing and voluntary when, although

Thus, even if Raheem could show that his failure to file a timely appeal was due to his trial counsel's failure to advise him of his appellate rights, "such a failure would not amount to ineffective assistance of counsel because it is apparent from the [record] that the issue[ ] he now seeks to raise in an out-of-time appeal [is] completely without merit."[29] Indeed, an attorney's failure to file an appeal frivolously attacking the indisputable facts proved by the record cannot be deemed ineffectiveness.[30] Therefore, the trial court did not err in denying Raheem's motion for an out-of-time appeal as to his 1985 armed-robbery conviction.[31]

---

the plea statement signed by the defendant did not list the elements of the charged offense, the defendant acknowledged that he had discussed the nature of the charged offense with his counsel); *Thompson*, 240 Ga. App. at 540 (1) (b) (holding that, when the defendant acknowledged that his attorney had explained the nature of the charges to him, the trial court was not required to explain the elements of his offenses in the plea colloquy).

[29] *Clark*, 299 Ga. App. at 560 (punctuation omitted); *accord Hicks*, 281 Ga. at 838; *see Dennis v. State*, 292 Ga. 303, 303 (736 SE2d 428) (2013) (noting that it is proper to deny a request for out-of-time appeal if examination of the record reveals no merit to the claimed errors); *Moore*, 285 Ga. at 858 (1) (holding that a defendant was not entitled to an out-of-time appeal when the record showed that his challenge to the voluntariness of his plea would be resolved against him).

[30] *See Clark*, 299 Ga. App. at 560; *accord Hicks*, 281 Ga. at 838.

[31] *See supra* notes 28 and 29.

For all of the foregoing reasons, in Case No. A15A1320, we affirm the trial court's denial of Raheem's motion for an out-of-time appeal. But in Case Nos. A15A1318 and A15A1319, we reverse the trial court's denial of Raheem's motion for an out-of-time appeal, and we remand the case with direction that the trial court conduct the requisite inquiries and make the necessary findings regarding who ultimately bore the responsibility for Raheem's failure to file timely appeals in those proceedings.

*Judgment affirmed in Case No. A15A1320. Judgment reversed and remanded with direction in Case Nos. A15A1318 and A15A1319. Ellington, P.J., and McFadden, J., concur.*

16