**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2016**

# In the Court of Appeals of Georgia

A16A1362, A16A1363. RAHEEM v. THE STATE.

BARNES, Presiding Judge.

In these companion appeals, the trial court granted Haneef Abdul Raheem's motions for out-of-time appeals of his 1981 conviction for motor vehicle theft and his 1982 burglary conviction. Following our review and finding that the record does not establish that he was fully advised of his rights under *Boykin v. Alabama*, 395 U. S. 238, 243-244 (89 SCt 1709, 23 LE2d 274) (1969), we reverse the convictions.

In *Raheem v. State*, 333 Ga. App. 821 (777 SE2d 496) (2015) (*Raheem I*), Raheem appealed from the trial court's denial of his motion for out-of-time appeals of his 1982 conviction for burglary, 1981 conviction for motor-vehicle theft, and 1985 conviction for armed robbery. The relevant facts as presented in *Raheem I* establish that

> [i]n 1981, Raheem pleaded guilty to motor-vehicle theft and hit-and-run. The next year, he pleaded guilty to burglary, and in 1985, to armed robbery. Decades later, in 2013, Raheem filed a pro se motion for an out-of-time appeal from all of these convictions, arguing that his guilty pleas were involuntary because, in each plea proceeding, he was not

advised of his right to a jury trial, his right to confront the witnesses against him, or his right against self-incrimination. Raheem further argued that the essential elements of each of his offenses were not explained to him prior to entering his guilty pleas. . . . Raheem contend[ed] that he is entitled to an out-of-time appeal from each conviction because his guilty pleas were not knowing and voluntary and neither the trial court nor his trial counsel advised him of his limited appellate rights. The State moved to dismiss Raheem's motion, arguing that, as to at least two of his cases, the plea transcripts show that his guilty pleas were indeed freely and voluntarily entered. The trial court denied the State's motion, noting that there were no transcripts of any of Raheem's plea hearings. Raheem then amended his motion for an out-of-time appeal, reiterating the arguments he made in his original motion and asserting that his failure to file a timely appeal in each case was due to ineffective assistance of counsel, rather than any fault of his own. Thereafter, Raheem was appointed counsel to represent him at the hearing on his motion.

(Footnote omitted.) 333 Ga. App. at 822.

Following a hearing on his motion for an out-of-time appeal, the trial court found that in the 1981 and 1982 cases, "Raheem had established a legitimate issue for appeal because there was no evidence that, during the plea proceedings, he was informed of his right to confront his accusers or his right against compulsory self-incrimination," but found that the record demonstrated that the plea in the 1985

2

case was knowing and voluntary. *Raheem I*, 333 Ga. App. at 822-823. The trial court then "found that Raheem was not entitled to an out-of-time appeal from any of his convictions because he had not shown that he was prejudiced. . . . [because] there was no evidence that the result of the proceedings would have been different if Raheem had taken his case to trial rather than pleading guilty." Id. at 823.

Raheem appealed the denial of his motion. In *Raheem I*, we affirmed the trial court's denial of Raheem's motion for an out-of-time appeal of the 1985 armed-robbery conviction. 336 Ga. App. at 827-828 (2). We further agreed with the trial court that the record demonstrated that during Raheem's 1981 and 1982 plea proceedings, he was only advised of one of the three constitutional rights he was waiving by pleading guilty pursuant to *Boykin*, namely, the right to a jury trial, but not informed of his right against self-incrimination or the right to confront his accusers. *Raheem I*, 333 Ga. App. at 824-825 (1). However, we reversed the trial court's denial of Raheem's motion to file an out-of-time appeal as to the 1981 and 1982 convictions, upon finding that the trial court had denied the motion "without resolving the determinative issue of whether the failure to pursue a timely direct

3

appeal was attributable to trial counsel or to Raheem himself."[1] (Footnotes omitted.) Id. at 826 (1). We "remand[ed] the case with direction that the court conduct the requisite inquiry and make findings [as to the 1981 and 1982 convictions] regarding who ultimately bore the responsibility for Raheem's failure to file a timely appeal." Id.

Upon remand, and following a hearing, the trial court found that Raheem's failure to file a timely appeal of the 1981 and 1982 convictions was attributable to his attorney's failure to advise him that he had the right to appeal and that he had a legitimate issue for appeal, given that the record failed to establish that he was informed of all three *Boykin* rights. Subsequently, the trial court granted Raheem's motion for an out-of-time appeal of the two convictions.

1. Although the State contends that the trial court erred in granting Raheem's motion for an out-of-time appeal, the merits of the order on Raheem's motion for an out- of-time appeal are not before us. *Tyner v. State*, 289 Ga. 592, 594 (3) (714 SE2d

---

[1] "An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." (Citation and punctuation omitted.) *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). "The disposition of a motion for out-of- time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal."(Citations omitted.) *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001).

577) (2011), overruled in part on other grounds, *Lejeune v. McLaughlin*, 296 Ga. 291, 297 (2) (766 SE2d 803) ( 2014). There is "no basis for the State to appeal the order granting the out-of-time appeal or to file a cross-appeal in this criminal case, and [in this case] it did neither. See OCGA § 5-7-1 (limiting the matters the State may appeal in criminal cases and not authorizing the State to cross-appeal).*" Tyner,* 289 Ga. at 594 (3). [2]

2. Raheem raises identical arguments on appeal in cases A16A1362 and A16A1363. He maintains that the guilty pleas in his 1981 and 1982 convictions were not knowingly and voluntarily entered because he was not informed of the constitutional rights required under *Boykin* before he entered his plea. Raheem asserts that the State did not meet its burden of establishing by the record that he was advised of the three *Boykin* rights he was waiving by pleading guilty.

> The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the

---

[2] We disapprove of the following cases to the extent that they could be relied upon to stand for the proposition that the State can timely appeal from an order granting an out-of-time appeal: *Fineza v. State*, 255 Ga. App. 835 (567 SE2d 17) (2002); *Towns v. State*, 228 Ga. App. 267 (491 SE2d 497) (1997).

defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights.. . . . [A]ny defendant who pleads guilty will be able to secure a reversal of his conviction if the record does not show that he was specifically advised of each of the three *Boykin* rights and he properly presents the issue to a reviewing court. Nevertheless, our Supreme Court has recognized that nothing in *Boykin* requires the State during a guilty plea proceeding to use any precisely-defined language or 'magic words.

(Citations and punctuation omitted.) *Childs v. State*, 311 Ga. App. 891, 891-892 (1) (717 SE2d 509) (2011). The State bears the burden on direct review to establish that the plea was knowingly and voluntarily entered. *King v. State*, 270 Ga. 367, 369 (509 SE2d 32) (1998).

The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights.

6

(Citation and punctuation omitted.) *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999).

Here, there is no transcript of the plea hearing of the 1981 and 1982 cases. In both cases, there is a pre-printed form included in the record labeled "Transcript." The only *Boykin* right acknowledged on the form is the right to a jury trial. Trial counsel for the 1982 plea testified that "the *Boykin* rights weren't specifically considered at that time because the court system was unaware of it or didn't use the *Boykin* case in their plea process." The State concedes that the record on its face does not demonstrate that Raheem was advised of and waived all three *Boykin* rights, but asserts that any such deficiency was harmless because Raheem never claimed that he would have chosen to go to trial instead of taking a plea, had he be fully advised of all of his *Boykin* rights.[3]

> Regardless of the practices in place at that time,

> [t]he requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized. Rather, the procedural element added in *Boykin* was the requirement that the record *must affirmatively*

---

[3] The State asserts this argument within the context of its claim that trial counsel was not ineffective and thus that the motion for the out-of-time appeals should not have been granted. As noted in Division 1, any challenge to that order is not before us on review.

*disclose* that a defendant who pleaded guilty entered his plea understandingly and voluntarily. Thus, *Boykin* imposed a constitutional record-keeping requirement on the states if they hoped to insulate state guilty pleas from future attacks on federal constitutional grounds.

(Footnotes and punctuation omitted; emphasis supplied.) *Wiley v. Miles*, 282 Ga. 573, 575-576 (2) (652 SE2d 562) (2007) (establishing that *Boykin* applies to guilty pleas entered after June 2, 1969).

Our appellate courts have "interpreted this advice and waiver of the three *Boykin* rights as a strict constitutional requirement, with reversal the automatic consequence if any deviation is found to have occurred."*Tyner*, 289 Ga. at 595 (4).[4] Here it is undisputed that the record does not disclose that Raheem was advised of his right against self-incrimination or the right to confront witnesses.

Accordingly, because Raheem was not a fully advised of the rights he was waiving by pleading guilty in the 1981 and 1982 cases, the record does not

---

[4] Per the holding in *Lejeune v. McLaughlin*, 296 Ga. 291 (766 SE2d 803) (2014), the burden now shifts in *habeas corpus* cases to the defendant to prove that his guilty plea was not knowing and voluntary, "[b]ut there is nothing in *Lejeune* remotely suggesting that the State no longer has the burden of demonstrating, in the context of a direct appeal from a judgment of conviction, that a defendant's guilty plea was voluntary, knowing, and intelligent."*Raheem I*, 333 Ga. App. at 821 (1) n. 13.

substantiate that his pleas were knowingly and voluntarily. Thus, his guilty pleas are invalid, his 1981 and 1982 convictions are reversed, and both cases are remanded to the trial court for further proceedings consistent with this decision. See *Vera v. State*, 329 Ga. App. 177 (764 SE2d 427) (2014).

*Judgments reversed.  Doyle, C.J., Andrews, P.J.,  Miller, P.J.,  Ellington, P.J., and  Phipps, PJ., Dillard, McFadden, Boggs, Ray, Branch, McMillian, and Peterson, JJ concur.  Rickman, and Mercier, JJ concur in judgment only*.