**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 19, 2019**

# In the Court of Appeals of Georgia

A18A1871. COOPER v. THE STATE.

MARKLE, Judge.

Djuan Trenais Cooper appeals pro se from the trial court's order denying his motion for leave to file an out of time appeal. Upon review, we affirm the trial court's denial of Cooper's motion.

The record reveals that on August 31, 2017, Cooper entered a non-negotiated plea of guilty to first degree home invasion, aggravated assault, and possession of a firearm by a convicted felon. He received a life sentence with 14 years to serve and the remainder on probation. On April 5, 2018, Cooper filed a pro se motion for leave to file an out of time appeal. As grounds for an appeal, Cooper contended that the indictment did not allege all the essential elements of the crimes, that his plea was not knowing and voluntary because he was not informed he would be waiving his right

against self-incrimination, and that plea counsel was ineffective for failing to challenge the indictment, failing to familiarize himself with the law in relation to the plea, and failing to fully apprise Cooper of the rights he was waiving by pleading guilty. The trial court denied the motion, and Cooper filed this appeal.

Having entered a guilty plea, Cooper has no unqualified right to a direct appeal. See *Lewis v. State*, 326 Ga. App. 529, 530 (757 SE2d 170) (2014).

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. . . . Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.

(Citations and punctuation omitted.) *Stephens v. State*, 291 Ga. 837, 837-838 (2) (733 SE2d 266) (2012). In order to obtain an out-of-time appeal, Cooper must show that the issues he seeks to appeal can be resolved by facts appearing on the record and that his failure to seek a timely appeal was the result of ineffective assistance of counsel. *Clark v. State*, 299 Ga. App. 558, 559 (683 SE2d 93) (2009). If the issues cannot be resolved from the existing record, Cooper would have had no right to file even a timely direct appeal and, therefore, is also not entitled to an out-of-time appeal. See

2

*Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995). Claims which require an expanded record must be pursued in a habeas corpus petition. See id. We will affirm the trial court's ruling if it is clear from the record that the issues lack merit, and we "review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion." (Citation omitted.) *Clark*, 299 Ga. App. at 559.

1. Cooper argues that his indictment was void because it did not charge all the essential elements of the crimes alleged. This argument can be resolved against Cooper on the face of the record.

When Cooper pleaded guilty, "he waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004). The indictment alleged that Cooper entered the victim's home without her permission and with the intent to commit an aggravated assault against her, and that he pointed a handgun at her. Because Cooper could not admit those allegations and be innocent of all crimes, his challenge to the sufficiency of the indictment is without merit. Accordingly, Cooper is not entitled to an appeal on this ground.

2. Next, Cooper contends that the trial court violated Uniform Superior Court Rule 33.8 ("USCR") by accepting Cooper's guilty plea without ensuring that he had

3

been advised of the elements of the charges against him. This argument, too, can be resolved against Cooper based on the existing record.

USCR 33.8 (A) provides that the trial court should not accept a guilty plea without first determining that the defendant understands the nature of the charges against him. Similarly, the United States Supreme Court has held that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (Citations omitted.) *Raheem v. State*, 333 Ga. App. 821, 827 (2) (777 SE2d 496) (2015). This principle, however, "does not require the trial court to personally inform the accused of the elements of the crime to which he is pleading guilty." (Footnote omitted.) Id. Indeed, "where, as here, the defendant has legal representation, a presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Citation and punctuation omitted.) *Tomlin v. State*, 295 Ga. App. 369, 372 (2) (671 SE2d 865) (2008).

Here, the transcript of the plea hearing reveals that the prosecutor identified the charges against Cooper and the range of punishments he faced. The prosecutor also summarized the factual basis for the charges, reciting that Cooper kicked in the door to his ex-girlfriend's apartment, put a gun to her head, threatened to kill her, and beat

4

her. The victim's neighbors called 911 and the responding officers found Cooper in the parking lot, with the victim's blood on his pants and several of her belongings in his car. The prosecutor then identified the rights Cooper would waive by pleading guilty. After confirming that Cooper understood the rights he would waive, the prosecutor reiterated the charges against Cooper and the associated penalty ranges. Cooper indicated that he understood the charges, that the facts recited by the prosecutor were true and correct, that he was satisfied with the representation he had received from his attorney, and that he wanted to plead guilty. Under these circumstances, there is no merit to Cooper's argument that he was not made aware of the nature of the charges against him.

3. Cooper contends that his guilty plea is invalid because he was not properly advised of his rights pursuant to *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). Again, the record shows that this argument can be resolved against Cooper.

"*Boykin* requires the State to show that a defendant was informed of the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers in order to establish that the defendant's guilty plea was voluntarily, knowingly, and intelligently made." (Citation omitted). *Burns v.*

5

*State*, 291 Ga. 547 (1) (a) (731 SE2d 681) (2012). Before accepting a guilty plea, the trial court has a "duty to establish that the defendant understands the constitutional rights being waived." (Citation omitted.) *Childs v. State*, 311 Ga. App. 891 (1) (717 SE2d 509) (2011).

In this case, Cooper asserts that he was not informed of the first *Boykin* right: his right against compulsory self-incrimination. The transcript of the plea hearing, however, shows that the prosecutor asked Cooper if he understood that by pleading guilty he would be giving up certain rights, including "the right not to incriminate yourself." The prosecutor further defined that right as, "Basically, you're giving up the right to testify or not testify based upon a decision that you would make along with your attorney." Cooper responded that he understood he would give up this right by pleading guilty. Although the prosecutor did not use the term "self-incrimination" specifically, it is well settled that protecting a defendant's rights does not require the use of "any precisely-defined language or 'magic words.'" (Citation omitted.) *Raheem v. State*, 339 Ga. App. 859, 862 (2) (794 SE2d 418) (2016). The record clearly shows that Cooper was advised of the privilege against compulsory self-incrimination in terms of a "right not to incriminate [him]self" and to not testify. Consequently, this enumeration of error is without merit.

6

4. Finally, Cooper argues that his plea counsel provided ineffective assistance in several ways. None of his arguments are meritorious.

Cooper asserts, first, that counsel provided ineffective assistance by failing to inform Cooper of his right against self-incrimination and of the essential elements or true nature of the charges against him. As discussed above, however, the record belies Cooper's assertions that he was not advised of his right against self-incrimination or of the nature of the charges against him.

Cooper also contends that counsel provided ineffective assistance by failing to challenge his arrest warrants or indictment and by failing to advise him of his right to withdraw his guilty plea before sentencing and his right to appeal. Those allegations, however, cannot be resolved from the current record. Accordingly, Cooper must raise the issues in a habeas corpus action. See *Marion v. State*, 287 Ga. 134, 135 (3) (695 SE2d 199) (2010).

In conclusion, a review of the record shows that Cooper has not identified any claims that would support a direct appeal from his guilty plea. The trial court, therefore, properly denied his motion for an out-of-time appeal.

Although we reach this conclusion in the instant case, we recognize that the Supreme Court of Georgia has recently called into question Georgia's case law

regarding out-of-time appeals. See *Ringold v. State*, __ Ga. __ (__ SE2d __), 2019 WL 273120 (Jan. 22, 2019) (citing *Roe v. Flores-Ortega*, 528 U. S. 470 (120 SCt 1029, 145 LE2d 985) (2000)). Under our body of cases, Georgia appellate courts have required a defendant to show an ability to prevail on the merits before opening the door to an out-of-time appeal. As the Court noted in *Ringold*, however, that case law appears inconsistent with U. S. Supreme Court precedent; instead, we should presume prejudice from counsel's failure to file a notice of appeal because this denies the defendant access to the appellate process entirely. *Ringold*, 2017 WL 273120, at *4.

But the Court in *Ringold* did not overrule any of its prior cases, nor did it overrule – even implicitly – any of this Court's cases involving out-of-time appeals from guilty plea convictions. See generally *Ringold*, 2019 WL 273120. In a concurring opinion, Justice Nahmias stated that the opinion "sounds a clear death knell for . . . our prior holdings" in out-of-time appeal cases. Id. at *5 (Nahmias, J., concurring). He further encouraged the Supreme Court of Georgia to overrule the cases "at the first available opportunity." Id. at * 6 (2).

Clearly, the *Ringold* decision, and Justice Nahmias's concurrence, have informed us that our jurisprudence in this area of the law is "unsound." See *Ringold*, 2019 WL 273120, at *6 (3) (Nahmias, J., concurring). But we are left with little

8

choice except to adhere to that precedent, however misguided, because those cases remain binding. Although we are authorized to overrule our own line of case law, because the Supreme Court did not overrule their precedent, we remain bound by it. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."); Art. VI, Sec. V, Par. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents."). We are thus "powerless to do anything but apply" the existing precedent to the case before us. See *Mingo v. State*, 133 Ga. App. 385, 391 (210 SE2d 835) (1974) (on rehearing).

*Judgment affirmed. McFadden, P. J., and Rickman, J., concur*.