## S09A0651. ROGERS v. THE STATE.
(685 SE2d 281)

HINES, Justice.

James Robert Rogers appeals the denial of his motion to withdraw his plea of guilty to the felony murder of Cheryl Gilmore. For the reasons that follow, we affirm.[1]

According to the indictment and the factual basis put forth by the State at Rogers's plea hearing, Rogers had a long-standing, violent relationship with Gilmore; Rogers's actions during that relationship had previously resulted in charges of battery and aggravated stalking. On the weekend of Gilmore's death, Rogers threw her against a wall and a refrigerator, resulting in fatal blunt force trauma to her head. Rogers pled guilty to one count of felony murder, and was sentenced to life in prison.

Rogers contends that his guilty plea was not entered freely, knowingly, and voluntarily, in that during his plea hearing, at which he was represented by counsel, he was not adequately advised of the rights he was waiving by pleading guilty, particularly his privilege against self-incrimination.

[T]he entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compul-

---

[1] Gilmore was killed on July 7, 2001. On February 18, 2002, a Crisp County grand jury indicted Rogers for malice murder, felony murder while in the commission of aggravated assault, two counts of felony murder while in the commission of aggravated stalking, and one count of aggravated stalking. On March 5, 2002, Rogers pled guilty to felony murder while in the commission of aggravated assault, and that day was sentenced to life in prison; an order of nolle prosequi was entered on the other charges in the indictment. Rogers sought to withdraw his guilty plea, and after a hearing on March 13, 2002, the trial court denied the motion. Rogers petitioned for a writ of habeas corpus on July 9, 2003, and on April 28, 2008, the habeas court ordered that Rogers be permitted an out-of-time appeal on the ground that he was deprived of his right to counsel at the March 13, 2002 hearing on his motion to withdraw his plea. See *Carter v. Johnson*, 278 Ga. 202 (599 SE2d 170) (2004). On May 27, 2008, Rogers filed an amended motion to withdraw his plea, a hearing was held on September 15, 2008, and the motion was denied on October 22, 2008. On December 1, 2008, Rogers moved for an out-of-time appeal, and the motion was granted on December 12, 2008. Rogers filed his notice of appeal on December 18, 2008, and his appeal was docketed in this Court on January 6, 2009, and submitted for decision on the briefs.

sory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969).

(Citations and punctuation omitted.) *Hawes v. State*, 281 Ga. 822 (642 SE2d 92) (2007). During the plea hearing, Rogers was asked:

Do you understand that at a jury trial you have the right to testify on your own behalf, *but that you also have the right not to testify, and if you choose not to testify, it cannot be held against you in any way*?

(Emphasis supplied.) He replied: "Yes."[2]

"[N]othing in *Boykin* requires a trial court during a guilty plea proceeding to use any precisely-defined language or 'magic words.' [Cit.]" *Hawes*, supra at 824. The language used here

adequately conveyed to [Rogers] the core principles of the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment. The purpose underlying *Boykin* is to ensure a defendant's receipt of adequate information about his rights, so that his decision to plead guilty is truly intelligent and voluntary.

*Adams v. State*, 285 Ga. 744, 745 (1) (683 SE2d 586) (2009). That purpose was met, and the trial court did not err in finding that Rogers's guilty plea was entered freely, knowingly, and voluntarily.

Rogers's reliance on *Hawes*, supra, for a contrary result is unavailing; in that case, the defendant was not, in any way, apprised of his privilege against self-incrimination. Id. at 823, 825.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Jackson & Schiavone, George T. Jackson*, for appellant.

---

[2] Prior to his plea hearing, Rogers signed a statement that he understood that by pleading guilty, he was waiving "[t]he right not to incriminate myself." On the same document, Rogers's attorney signed a statement that he had explained to Rogers "the rights set forth above," which included the right not to incriminate himself, and it was counsel's opinion that Rogers's plea was being made freely and voluntarily.

*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.