## A11A1312. CHILDS v. THE STATE.
### (717 SE2d 509)

ADAMS, Judge.

On May 19, 2009, Kevin Childs pled guilty to two counts of aggravated battery and one count each of battery, driving while license suspended and driving without insurance. Childs' plea arose out of three separate indictments involving three separate incidents. Childs was sentenced on these charges the same day. On February 11, 2011, he filed a pro se motion for out-of-time appeal in each case. The trial court denied these motions, and Childs appeals. We affirm for the reasons set forth below.

"We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion." (Footnote omitted.) *Fleming v. State*, 276 Ga. App. 491, 491-492 (1) (623 SE2d 696) (2005). "[A]n appeal will lie from a judgment entered on a guilty plea only if the errors asserted on appeal can be resolved by facts appearing on the face of the record, and the denial of a request for out-of-time appeal is proper if an examination of the record reveals no merit to the claimed errors." (Citations omitted.) *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009).

1. Childs asserts that he is entitled to an out-of-time appeal because his guilty plea was not knowingly and voluntarily entered.

> The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin [v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969)].

*Beckworth v. State*, 281 Ga. 41, 42 (635 SE2d 769) (2006). The Supreme Court of Georgia recently clarified its current understanding of the *Boykin* requirements:

> The bottom line is this: . . . any defendant who pleads guilty will be able to secure a reversal of his conviction if the record does not show that he was specifically advised of each of the "three *Boykin* rights" and he properly presents the issue to a reviewing court.

*Tyner v. State*, 289 Ga. 592, 596 (4) (714 SE2d 577) (2011). Nevertheless, our Supreme Court has recognized that "nothing in *Boykin* requires [the State] during a guilty plea proceeding to use any precisely-defined language or 'magic words.'" *Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

Childs asserts that his guilty plea is invalid because he was not properly informed of his right against compulsory self-incrimination. The record reflects that Childs signed three separate "Petition[s] to Enter Plea of Guilty" forms in connection with the charges against him. By signing these forms, Childs indicated that he understood that if he pled "NOT GUILTY," he had "the right to testify or not testify, as [he chose], that [he could not] be required to testify and that if [he did] not testify the jury could not take that as evidence against [him]." He also indicated on the form that he understood that by pleading guilty, he gave up these rights. At the hearing on his guilty plea, the prosecutor also asked Childs if he understood that "if you plead not guilty you have the right to testify or not testify as you choose, that you cannot be required to testify and that if you do not testify the jury cannot take that as evidence against you" and if he understood that "if you plead guilty, you will have waived, that is given up" these and other rights. Childs indicated he understood this waiver.

Although neither the pre-printed plea form nor the prosecutor used the word "self-incrimination," each clearly informed Childs that if he pled not guilty, he did not have to testify and his silence could not be used as evidence against him by a jury. This speaks to his right to remain silent in a jury trial. The Supreme Court of Georgia found that similar language

> adequately conveyed to [the defendant] the core principles of the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment. The purpose underlying *Boykin* is to ensure a defendant's receipt of adequate information about his rights, so that his decision to plead guilty is truly intelligent and voluntary.

*Rogers v. State*, 286 Ga. 55, 56 (685 SE2d 281) (2009).[1] The Supreme Court has also indicated that informing a defendant of his right to remain silent may be an adequate substitute for advising him of the privilege against self-incrimination if it is made clear that the right arises at trial and not just at the plea hearing. See *Wilson v. Kemp*, 288 Ga. 779, 780 (707 SE2d 336) (2011) (reversing guilty plea where trial court informed defendant that he had a right to remain silent at guilty plea hearing, but no showing that defendant was advised of right to remain silent at trial). See also *Adams v. State*, 285 Ga. at 746, n. 3 quoting *Louisiana v. Walker*, 833 S2d 367, 370 (La. App. 2002) ("In the jurisprudence, the terminology 'right to remain silent' frequently is used interchangeably with the 'right against self-incrimination' and is an acceptable substitute as long as it is clear that the trial court is referring to the right to remain silent 'at trial.' [Cit.]"); *Jackson v. State*, 285 Ga. 840, 841 (1) (684 SE2d 594) (2009) (plea voluntary where trial court specifically advised Jackson of his right to remain silent and thereby not incriminate himself). Accordingly, we conclude that the record in this case indicates that Childs was adequately advised that by pleading guilty, he was waiving his right against self-incrimination in accordance with *Boykin*.

2. Childs contends that his guilty plea was not knowingly and voluntarily entered because the guilty plea transcript fails to affirmatively show that the trial court ascertained the factual basis for the plea as required by Uniform Superior Court Rule (USCR) 33.9. The record shows, however, that the trial court questioned Childs about the facts underlying his pleas. The prosecutor filled in information that Childs omitted from his recitation. The trial court also indicated that the prosecutor previously had given a factual basis for the crimes, although it apparently was not recorded for transcription, and the court asked Childs if he disagreed with anything the prosecutor had said. Childs indicated that he did not disagree.

> When the transcript presents evidence that the trial court was aware of the factual basis, USCR 33.9 does not otherwise require the trial court to affirmatively state that it is satisfied there is a factual basis. In such an instance, the acceptance of a plea would be deemed a factual finding that there is an adequate factual basis for the plea.

---

[1] There, the defendant was asked: "Do you understand that at a jury trial, you have the right to testify on your own behalf, *but that you also have the right not to testify, and if you choose not to testify, it cannot be held against you in any way*?," to which he replied in the affirmative. *Rogers*, 286 Ga. at 56. Rogers, however, had also signed a plea form indicating that he understood that by pleading guilty, he understood that he was waiving his "right not to incriminate myself." Id. at 56, n. 2.

(Citations and punctuation omitted.) *Adams v. State*, 285 Ga. at 747 (4) (a).

Childs argues, however, that we should disregard his statement of the factual basis because he was not cognizant of all the rights he was waiving. But as noted above and from our review of the transcript and the plea forms, we conclude that Childs was adequately informed of his constitutional rights and that his plea was knowingly and voluntarily entered. Thus, no basis exists for excluding his testimony at the plea hearing.

3. Childs also asserts that the trial court erred by failing to hold a hearing on his motion for out-of-time appeal after finding that the issues he would raise on appeal were questions that could be resolved by facts appearing on the record. But the trial court was not required to hold an evidentiary hearing because Childs was not entitled to a direct appeal from his guilty pleas based on the existing record. *Upperman v. State*, 288 Ga. 447, 448 (2) (705 SE2d 152) (2011); *Belcher v. State*, 304 Ga. App. 645, 650 (3) (697 SE2d 300) (2010).

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED OCTOBER 7, 2011.

Kevin Childs, *pro se*.

*Garry T. Moss, District Attorney, Cliff Head, Patricia G. Hull, Assistant District Attorneys*, for appellee.