In the Supreme Court of Georgia

Decided:   May 9, 2016

S16A0485.  STOKES v. THE STATE.

NAHMIAS, Justice.

On September 5, 2013, Appellant Rebecca Ann Stokes was indicted in Towns County for malice murder, felony murder, two counts of aggravated assault, terroristic threats, tampering with evidence, and removal of body parts from the scene of a death based on her participation in the shooting death of Charlotte Diann Donaldson on June 17, 2013.  On August 18, 2014, Appellant entered a negotiated guilty plea to malice murder, and the State nol prossed the remaining charges.

At the plea hearing, the State presented the following factual basis for the guilty plea.  Around June 17, 2013, Appellant discovered photographs indicating that her husband was having a relationship with Donaldson, who was living in a camper trailer on Appellant and her husband's property.  In statements to the GBI, Appellant admitted that she took her husband's gun and shot it once at Donaldson.  Her neighbor and accomplice, Brittany Ledford, then

used the gun to fire two more shots into Donaldson. Although Appellant told the GBI that she thought she had not hit Donaldson, an autopsy showed that Donaldson was struck by three bullets. After Donaldson stopped breathing, Appellant and Ledford put her body in a bag, which they then dumped in a well.

As the State recommended, the trial court sentenced Appellant to serve life in prison with the possibility of parole. On December 31, 2014, she filed a timely motion to withdraw her guilty plea, which she amended with new counsel on March 30, 2015, raising the three claims discussed below. On June 1, 2015, the trial court held an evidentiary hearing on the motion. Appellant, her plea counsel, and his investigator testified, and the transcript from the plea hearing, the plea form, the written plea offer, and Appellant's medication logs from the jail were admitted into evidence. Later that day, the trial court issued an order denying Appellant's motion. She now appeals, and we affirm.[1]

1. Appellant first contends that her plea counsel provided ineffective assistance by misrepresenting when she would be eligible for parole. Appellant testified at the evidentiary hearing that her plea counsel and his investigator told

---

[1] Appellant filed a notice of appeal to the Court of Appeals, which properly transferred the appeal to this Court because this is a murder case. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8); Neal v. State, 290 Ga. 563, 567-572 (722 SE2d 765) (2012) (Hunstein, C.J., concurring).

her that she would be eligible for parole in 10 years with good behavior. Both plea counsel and the investigator, however, testified that they did not give her this incorrect information and in fact told her that she would have to serve 30 years before being eligible for parole.

In addition, the State's written plea offer said that under OCGA § 17-10-6.1 (c) (1), a person

> shall not be eligible for any form of parole or early release administered by the State Board of Pardons and Paroles until that person has served a minimum of 30 years in prison. The minimum term of imprisonment shall not be reduced by any earned time, early release, work release, leave, or other sentence-reducing measures under programs administered by the Department of Corrections.

The plea offer then reiterated, "Defendant must serve a sentence of Life to serve no less than 30 Years in confinement before the possibility for parole." Appellant signed the offer to show her acceptance of its terms.

Furthermore, at the plea hearing, the trial court asked Appellant if she understood how the possibility of parole worked; she answered yes. The court then asked "What would it be under this plea?" and she answered, "30 years, sir." At the end of the plea hearing, the State recommended a life sentence and wanted "specifically put on the record that [Appellant] in open court and by her

3

counsel have been advised under current law that . . . the only consideration of parole is after 30 years." The court agreed, and after the State recommended conditions to be imposed on Appellant if she is granted parole (including that she be banished from the Enotah Judicial Circuit), the court asked, "You still want to enter this plea?" and Appellant answered yes.

The trial court expressly found that Appellant's testimony was not credible. See Stinson v. State, 286 Ga. 499, 500 (689 SE2d 323) (2010) ("The trial court 'was authorized to reject [appellant's] version of the facts and credit instead the testimony of his counsel.'" (citation omitted)). The record clearly shows that Appellant was not misled, but rather was correctly advised in numerous ways, about her parole eligibility. Her plea counsel was not ineffective as she alleges.

2. Appellant next contends that she was under the influence of several prescription drugs that prevented her from "thinking straight" at the plea hearing. Appellant was taking medications to treat her diagnosed bipolar disorder. Although she testified at the evidentiary hearing that she was given a double dose of these medications on the morning of the plea hearing, the medication log from the jail shows that she was given her medications as

4

prescribed on that day.

Furthermore, at the start of the plea hearing, Appellant's counsel told the trial court that Appellant was taking medications for her bipolar disorder but that "she seemed to be oriented and understands what's going on." The court asked Appellant if she was taking her medications the way they were prescribed, and she answered yes. She also indicated on her signed plea form that she was not under the influence of any drugs. And her plea counsel and his investigator testified at the evidentiary hearing that she did not appear impaired by her prescription medications, including on the day of the plea hearing.

Thus, on this contention too, the evidence contradicting Appellant's version of events fully supports the trial court's finding that her testimony was not credible and the court's conclusion that she was not intoxicated when she entered her guilty plea.

3.      Finally, Appellant asserts that she was not informed of her right to remain silent at trial. This assertion is flatly contradicted by the transcript of the plea hearing, which shows that the court told Appellant that at trial, "You would have the right to testify as you choose. You can't be required to testify, and if you decided not to testify at your trial, ma'am, after discussing the matter with

5

your lawyer, the jury could not hold that as evidence against you." The court also told her as to the plea hearing, "You also have a constitutional right to remain silent. If you want to exercise that constitutional right, we would just have a jury trial." Appellant said that she understood these rights. Appellant also indicated on her signed plea form that she understood her "right to testify or not testify at trial" and that she could not be required to testify at trial. This evidence demonstrates that Appellant was in fact informed of her right to remain silent at trial. See <u>Rogers v. State</u>, 286 Ga. 55, 56 (685 SE2d 281) (2009).

<u>Judgment affirmed. All the Justices concur.</u>