

# SUPREME COURT OF GEORGIA

Atlanta     July 14, 2016

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

It appearing that the attached opinion decides a second-term appeal, which must be concluded by the end of the April Term, it is ordered that a motion for reconsideration, if any, must be **received in the Supreme Court E-Filing/Docket (SCED) System** by 4:30 p.m. on Thursday, July 21, 2016.

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I hereby certify that the above is a true extract from the minutes of the Supreme Court of Georgia
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Chief Deputy Clerk

In the Supreme Court of Georgia

Decided:   July 14, 2016

S16A0072.  LEJEUNE v. MCLAUGHLIN, WARDEN.

THOMPSON, Chief Justice.

This is the second appeal stemming from a petition for writ of habeas corpus filed by appellant Michael Lejeune.  In that petition, appellant contended that his plea of guilty to murder in November 2005 was not knowingly and intelligently entered because "he never was adequately advised of his privilege against self-incrimination."  See Lejeune v. McLaughlin, 296 Ga. 291, 292, n.2 (766 SE2d 803) (2014) ("Lejeune I").[1]  The habeas court denied relief, finding that appellant was aware of his privilege against compulsory self-incrimination and concluding that appellant's plea was thus constitutionally valid.  In the first appeal, we concluded that the habeas court's findings on which it based its ruling that appellant knew of his right against self-incrimination were not supported by the record.  See id. at 292-294.  We also ruled, however, that the

---

[1]Appellant asserted a federal constitutional claim and did not attack his guilty plea based on an alleged violation of the Georgia Constitution.

court had improperly placed the burden of proof on the warden in this habeas proceeding and remanded the case for a new evidentiary hearing with appellant bearing the burden of proof. See id. at 294-299. On remand, the habeas court concluded that appellant was sufficiently aware of his right against self-incrimination and that his plea was thus entered knowingly and voluntarily. We granted appellant's application for certificate of probable cause to appeal, see OCGA § 9-14-52, and now reverse the habeas court's ruling that appellant's plea was entered knowingly and voluntarily.

This Court has, for many years now, held that for a plea to be constitutionally valid, a pleading defendant must be informed of his three "Boykin rights."[2] See, e.g., Wilson v. Kemp, 288 Ga. 779, 779-780 (727 SE2d 90) (2011) (overruled on other grounds in Lejeune I, 296 Ga. at 294-297); Foskey v. Battle, 277 Ga. 480, 481-482 (591 SE2d 802) (2004) (overruled on other grounds in Lejeune I, 296 Ga. at 294-297); Bowers v. Moore, 266 Ga. 893, 894-895 (471 SE2d 869) (1996). And, in Lejeune I, this Court held that for a

---

[2]These rights include the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. See Boykin v. Alabama, 395 U.S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969).

plea to be knowingly and voluntarily entered, a pleading defendant was required to know of his "essential constitutional protections," including his right against self-incrimination. Lejeune I, 296 Ga. at 291-292. Under this due process test, appellant's plea was constitutionally invalid.

Here, on remand, the only new evidence relevant to whether appellant was advised of his right against self-incrimination was his testimony that, at the time of his guilty plea, he was not aware of his right against self-incrimination and that, at pre-trial hearings, when his attorneys mentioned his right against self-incrimination, he did not understand what that meant. Both of appellants' attorneys testified on habeas before the remand. Their testimony certainly does not refute appellant's testimony that he was unaware of his right against self-incrimination, and in fact, tends to support it. See Lejeune I, 296 Ga. at 293-294 (discussing the testimony of Brian Steel), and 296 Ga. at 305 (Hines, J., dissenting) (discussing the testimony of August Siemon). In any event, the habeas court did not rely on their testimony to conclude that appellant was aware of his right against self-incrimination.

Instead, the habeas court found that when appellant pled guilty, he was aware of the right against self-incrimination, because "he had been through

3

years of preparation for a trial in which the death penalty was being sought, [including] two aborted trials." The habeas court cited Parke v. Raley, 506 U.S. 20, 37 (113 SCt 517, 121 LE2d 391) (1992), for the proposition that a defendant's prior experience with the criminal justice system is relevant to the question of whether he knowingly waived constitutional rights. But in Parke, the prior experience on which the Supreme Court relied was a plea hearing in which the defendant was informed of the constitutional rights that he was waiving by pleading guilty. See id. at 36-37. The Supreme Court concluded that the state court did not err in inferring that based on the prior plea and other factors, the defendant was aware of his rights when he pled guilty to another crime two years later. See id. Here, on the other hand, the record contains no evidence that appellant has had a prior experience of being informed that he waives his right against self-incrimination by pleading guilty.

For these reasons, under our existing due process test for the constitutional validity of guilty pleas, appellant's plea was not entered voluntarily and knowingly and is constitutionally invalid.

Judgment reversed. All the Justices concur, except Melton, Nahmias, and Blackwell, JJ., who dissent.

4

S16A0072. LEJEUNE v. MCLAUGHLIN, WARDEN.

NAHMIAS, Justice, dissenting.

Rather than relying on this Court's more recent precedents, I would follow our earlier holding in Goodman v. Davis, 249 Ga. 11, 14 (287 SE2d 26) (1982), and the similar approach taken almost uniformly by federal and state appellate courts across the country, see, e.g., United States v. Stewart, 977 F2d 81, 84-85 (3d Cir. 1992); People v. Howard, 824 P2d 1315, 1341-1342 (Cal. 1992). I would hold that the trial court's failure to ensure that Lejeune understood his right against self-incrimination at trial before he entered his guilty plea was harmless error because the record as a whole shows that his plea was knowing and voluntary under the totality of the circumstances and therefore constitutionally valid. Accordingly, I dissent.

I am authorized to state that Justices Melton and Blackwell join in this dissent.