303 Ga. 704
FINAL COPY

S18A0017. JOHNSON v. THE STATE.

NAHMIAS, Justice.

Appellant Stephen Randall Johnson challenges the trial court's order denying his motion to withdraw his guilty plea to felony murder. Appellant claims that his plea was not knowing, intelligent, and voluntary because he was intoxicated when he entered it and that the trial court applied an erroneous standard of review in ruling on his motion. We affirm.

1. The record shows that after an initial indictment in 2013 charging Appellant with felony murder and drug conspiracy, he was re-indicted in Peach County on April 6, 2016 for three counts of felony murder (based on trafficking methamphetamine, aggravated assault, and possession of a firearm by a convicted felon) in connection with the shooting death of Matthew Garner; three counts of felony murder (based on the same predicate felonies) in connection with the shooting death of Kenneth Sharpe; and one count of theft by receiving a stolen firearm. Later that day, the trial court held a plea hearing during which

Appellant entered a negotiated guilty plea to Count 1 of the indictment — felony murder based on trafficking meth in connection with Garner's death. In exchange, the State agreed to waive the recidivism notice it had filed, which otherwise would have required Appellant's sentence to be life in prison without the possibility of parole, and to nolle pros the remaining charges.

At the plea hearing, the State represented that the evidence, if there were a trial, would show the following. On October 10, 2013, Appellant and his friend Garner met Sharpe at a motel in Warner Robins to sell Sharpe a half-pound of meth for $6,500. All three men were armed with handguns. Sharpe arrived with only $3,000, and at some point, there was a dispute, during which Garner shot Sharpe. Sharpe then shot Garner, who was killed instantly. Sharpe fled the motel, drove to Oxford, Alabama, and called his sister to tell her that he was dying and to "remember the name, Sam Owens, he tried us both." Sharpe then pulled into a parking lot, where he died from his gunshot wound. Appellant uses the name "Sam Owens," and the number for a contact labeled "Sam" in Sharpe's phone matched a cell phone number linked to Appellant. In Sharpe's car, Alabama police found a stolen gun that was later linked to Appellant, $3,000, and a half-pound of meth. Appellant's fingerprints were

found on a small bag of meth in the motel room, and the police found two card keys to the motel room when they searched Appellant's home. In addition, several witnesses would testify that Appellant admitted to them that he was involved in a meth deal that went bad, which resulted in Garner's shooting death.

Before the plea hearing, Appellant and his plea counsel completed and signed a 29-question form entitled "Plea of Guilty: Acknowledgment and Waiver of Rights." One question was, "Are you now under the influence of alcohol, drugs, narcotics or pills of any kind?" The circled answer was "No." During his colloquy with the trial court, Appellant confirmed that he had signed the form, that his counsel had explained his constitutional and other legal rights to him, and that he understood those rights and had no questions about them. The court informed Appellant that the maximum sentence he could receive should he proceed to trial would be life without the possibility of parole, which Appellant acknowledged. Appellant then entered his guilty plea. The court asked him if he was pleading guilty because he was in fact guilty; Appellant replied, "Yes sir." The court also asked Appellant if he had been threatened in any way or promised anything of value to make him plead guilty; Appellant

answered, "No, sir." After finding that there was a factual basis to believe the crime was committed as alleged and that Appellant had made a knowing, intelligent, and voluntary waiver of his constitutional rights, the court accepted the guilty plea. Appellant then asked for and was granted permission to address Garner's mother, and he gave lengthy remarks lamenting Garner's death. At the conclusion of the hearing, the trial court sentenced Appellant to serve life in prison with the possibility of parole.

About a month later (and in the same term of court), Appellant wrote the trial court, seeking to withdraw his guilty plea. Appellant was appointed new counsel, and on July 15, 2016, the court held an evidentiary hearing on the motion. At the hearing, Appellant testified that he did not voluntarily plead guilty because he was under the influence of six "anti-psychotic" Trazodone pills that he had acquired in jail by bartering honey buns with another inmate. He also claimed that when his plea counsel was explaining his rights to him before the plea hearing, the attorney repeatedly asked him "are you okay, what's wrong with you?" Appellant did not offer testimony from his plea counsel at the motion hearing. To rebut Appellant's claims, the State submitted the plea hearing transcript and the guilty plea form.

4

Later that day, the trial court entered an eight-page order denying Appellant's motion. After discussing the record from the plea hearing and Appellant's testimony at the motion hearing, the court concluded:

> After review of the entire record, it is very clear that [Appellant] in this case gave his plea knowingly, intelligently, and voluntarily, with full knowledge of the charges and consequences of his plea. . . . There is no manifest injustice in refusing to allow [Appellant] to withdraw his plea.

Eight months later, Appellant filed a motion for out-of-time appeal on the ground that his counsel had not been notified of the denial order. After the trial court granted the motion, Appellant filed a timely notice of appeal, and the case was docketed in this Court for the term beginning in December 2017.

2. After sentencing, a defendant may withdraw his guilty plea only to correct a manifest injustice, which exists if the plea was in fact entered involuntarily or without an understanding of the nature of the charges. See Bell v. State, 294 Ga. 5, 6 (749 SE2d 672) (2013). See also Uniform Superior Court Rule 33.12 (B). When a defendant challenges the validity of his guilty plea in this way, the State bears the burden of showing that the defendant entered his plea knowingly, intelligently, and voluntarily. See Cazanas v. State, 270 Ga. 130, 131 (508 SE2d 412) (1998). "'The State may meet its burden by showing

5

on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing.'" Graham v. State, 300 Ga. 620, 620 (797 SE2d 459) (2017) (citation omitted). In evaluating whether a defendant's plea was valid, the trial court should consider all of the relevant circumstances surrounding the plea. See Brady v. United States, 397 U. S. 742, 749 (90 SCt 1463, 25 LE2d 747) (1970); Shepard v. Williams, 299 Ga. 437, 439 (788 SE2d 428) (2016). The court's decision on a motion to withdraw a guilty plea will not be disturbed absent an obvious abuse of discretion. See McGuyton v. State, 298 Ga. 351, 353 (782 SE2d 21) (2016).

In this case, the signed guilty plea form and the transcript of the plea hearing demonstrate that Appellant was advised of his constitutional rights, that he understood those rights and the consequences of waiving them, and that he then voluntarily entered his guilty plea. The only evidence to the contrary is Appellant's own testimony at the motion to withdraw hearing that he had taken Trazodone pills before he entered the plea, that he had not understood the charge to which he pled guilty, and that he could not recall the details of the plea hearing. The credibility of that testimony was for the trial court to determine,

see McGuyton at 355, and the court plainly rejected that self-serving account.

During the motion hearing, the trial court noted that Appellant's account of the events surrounding his plea was not credible because even though he insisted that he was in a drug-induced fog that day, he was conveniently able to remember details that he claimed supported his story. Moreover, Appellant, with the assistance of counsel, had signed the guilty plea form, swearing that he was not under the influence of any intoxicants. In addition, the judge had observed Appellant in presiding over the plea hearing, and nothing in the hearing transcript suggests that Appellant was intoxicated in any way.

To the contrary, as the trial court also pointed out, Appellant's speech to Garner's mother at the plea hearing belied his assertion that the pills he had supposedly taken rendered him incompetent to enter his plea. In those remarks, Appellant was able to articulate a coherent understanding of the law of felony murder, how he could be found guilty under that law based on his commission of the felony of trafficking meth, and the life sentence he expected to receive as a result of his guilty plea. See McCarthy v. United States, 394 U. S. 459, 466 (89 SCt 1166, 22 LE2d 418) (1969) (explaining that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in

relation to the facts").  See also <u>Davis v. State</u>, 290 Ga. 757, 760-761 (725 SE2d 280) (2012) (explaining that an illegal drug transaction, particularly with armed participants, is foreseeably dangerous and thus a predicate for felony murder, and an attempted armed robbery did not break the causal link between the drug deal and the killing); <u>State v. Jackson</u>, 287 Ga. 646, 653 (697 SE2d 757) (2010) (holding that a defendant may be found guilty of the felony murder of his accomplice in the underlying felony if that result was a reasonably foreseeable consequence of their crime).

Thus, "the evidence contradicting Appellant's version of events fully supports the trial court's finding that [his] testimony was not credible and the court's conclusion that [he] was not intoxicated when [he] entered [his] guilty plea." <u>Stokes v. State</u>, 299 Ga. 37, 40 (785 SE2d 883) (2016).  See also <u>Jackson v. State</u>, 285 Ga. 840, 840-841 (684 SE2d 594) (2009) (affirming the denial of the appellant's motion to withdraw his guilty plea where he had told the court at the plea hearing that he was not under the influence of alcohol or drugs but later claimed that his plea was involuntary because he had been intoxicated); <u>Hardeman v. State</u>, 273 Ga. App. 550, 550-551 (615 SE2d 611) (2005) (holding that the trial court did not abuse its discretion in denying the appellant's motion

8

to withdraw his guilty plea supported only by his own testimony at the motion hearing that he was under the influence of medication that caused him to speak without thinking at the plea hearing).

3.    Appellant also contends that the trial court erred by applying an incorrect standard in reviewing his motion to withdraw his guilty plea. Specifically, Appellant asserts that the court refused to consider evidence extrinsic to the guilty plea form and therefore improperly ignored his testimony at the motion hearing that he had been under the influence of Trazodone when he entered his plea. Appellant points to a discussion between his appellate counsel and the trial court during the motion hearing in which the court asked whether it should consider evidence other than the guilty plea form to determine if Appellant's plea was knowing, intelligent, and voluntary. Despite that somewhat confusing interchange, however, the court's order denying Appellant's motion plainly shows that the court considered the evidence and arguments presented at the motion hearing in addition to the plea hearing transcript and the guilty plea form. The trial court did not ignore Appellant's testimony; as discussed above, the court found that testimony unworthy of belief, a finding the record fully supports.

Judgment affirmed. All the Justices concur.

9

Decided May 21, 2018.

Murder. Peach Superior Court. Before Judge Self.

Jonathan P. Waters, for appellant.

K. David Cooke, Jr., District Attorney, Elizabeth K. Bobbitt, Dorothy V. Hull, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.