304 Ga. 491
FINAL COPY

S18A1410. BENNEFIELD v. THE STATE.

BOGGS, Justice.

Appellant Michael Bennefield appeals from the trial court's denial of his motion for an out-of-time appeal of his 1993 convictions based on his guilty plea to the murder of Erika Darby, the rape and armed robbery of Demetras Turner, and the rape of Judith Bryant. Even assuming Bennefield had a proper excuse for failing to file a timely appeal, the record reveals that he is not entitled to an out-of-time appeal. We therefore affirm.

1. The State presented the following factual basis for Bennefield's plea: On November 15, 1990, Demetras Turner was on her way to a bus stop when Bennefield accosted her at knifepoint, took her into a wooded area, and raped her. He also robbed Turner of $43. On November 19, 1990, Judith Bryant was on her way to a bus stop when Bennefield took her to a wooded area where he raped and robbed her. And six days later, on November 25, 1990, Bennefield assaulted Erika Darby, as she was on her way to a bus stop, and took her into a

wooded area, where he stabbed her 14 times. Darby died from her injuries.

On January 29, 1991, Bennefield was indicted on two counts of rape and one count each of armed robbery and murder. On November 1, 1993, he entered a negotiated guilty plea, and the court sentenced him to life on the murder count, life on each rape count, and 20 years on the armed robbery count — all to be served concurrently. Bennefield filed no motion to withdraw his guilty plea nor did he file a timely appeal. He did, however, in 2012, file a petition for habeas corpus which the trial court dismissed as untimely. On May 6, 2014, Bennefield filed an application for a certificate of probable cause to appeal the dismissal, which this Court denied on December 11, 2014.

On June 1, 2015, Bennefield filed a pro se "Motion to Grant Leave of Court for an Out-of-Time Appeal." Bennefield asserted, among other things, that, if not for his plea counsel's misrepresentations, he would not have pled guilty and that the indictment failed to inform him of the specific acts that he supposedly committed. The trial court denied Bennefield's motion on March 27, 2018, and he now appeals.

2. Bennefield contends that there was no inquiry made by the trial court into who bore the responsibility for his failure to pursue a timely appeal and that

during the plea hearing he was informed he could not appeal and could only pose a challenge to the severity of his sentence to the Sentence Review Panel. It is true that

> before being entitled to an out-of-time appeal, a defendant must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal.

(Citations omitted.) Deloney v. State, 302 Ga. 142, 145 (2) (805 SE2d 881) (2017). But pretermitting whether Bennefield has shown a proper excuse for not filing a timely appeal, the record shows that he is not entitled to an out-of-time appeal.

> [A] defendant is entitled to a timely appeal from a conviction entered on a guilty plea only to the extent that the issues presented on appeal can be resolved by reference to the existing record. Thus, if the claims that a defendant belatedly seeks to raise on appeal require factual development, an out-of-time appeal is unavailable. Moreover, if the claims that the defendant seeks to raise on appeal can be resolved by reference to facts in the existing record, he must show that the claims would be resolved in his favor, or an out-of-time appeal is properly denied.

(Citations, punctuation and emphasis omitted.) Id.

(a) Bennefield argues that his plea was not knowing and voluntary because the nature of the charges was never read into the record, he was not thoroughly

informed of the elements and nature of the charges, and the trial court failed to inform him on the record of the terms of the plea agreement, as required by former Uniform Superior Court Rule 33.8 (C) (1).[1] He argues further that he was not informed of his right against compulsory self-incrimination.

The transcript of the plea hearing reveals that Bennefield's counsel waived formal reading of the indictment. However, the prosecutor read the charges and presented the factual basis for the plea. Bennefield affirmed that he had had an opportunity to discuss the facts and circumstances of the case and the indictment with his counsel.

With regard to his claim that the trial court failed to comply with the former Uniform Superior Court Rule, "the salient inquiry is . . . whether the record, as a whole, affirmatively shows that the plea in question was knowing and voluntary. And, the record shows that the guilty plea substantially complied with the applicable uniform rules." (Citations omitted.) Lewis v. State, 293 Ga. 544, 547 (1) (748 SE2d 414) (2013). Before Bennefield's counsel asked the court to accept the State's recommended sentence in exchange for the guilty

---

[1] Current Uniform Superior Court Rule 33.8 (D) (1) (judge should not accept guilty plea without first informing defendant on record of terms of negotiated plea).

plea, Bennefield affirmed he understood that

> certain pretrial negotiations have been entered into between your attorneys and the district attorney's office. . . . As a result of those negotiations, the district attorney's office is prepared to make a recommendation to the judge, but the judge is not bound by their recommendation . . . and could sentence you to life in prison on each count of th[e] bill of indictment[.]

And in addition to affirming that he had discussed the facts and circumstances of the case with counsel, Bennefield stated that no one threatened or coerced him into entering a plea, he understood he was giving up certain rights by pleading guilty, and his plea of guilty was freely and voluntarily entered.

The record also reveals that Bennefield was informed of the constitutional rights he was waiving by pleading guilty, including the privilege against self-incrimination. See Lejeune v. McLaughlin, 299 Ga. 546, 546 n.2 (789 SE2d 191) (2016) ("These rights include the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. See Boykin v. Alabama, 395 U. S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969)."). The prosecutor asked Bennefield if he understood that

> by pleading guilty you are giving up certain rights, and among those is your right to trial by jury. At a jury trial you would have the right to be represented by an attorney. . . . You would have the right to call witnesses to testify for you, you would have the right to testify

on your own behalf, and no one could force you to testify. You would have the right to cross-examine any witnesses that the State produced to testify against you, and you would have with you throughout the course of your trial the presumption of innocence, until the State produced sufficient evidence to rebut that presumption.

He responded affirmatively when asked if he understood "all of those rights." See Stokes v. State, 299 Ga. 37, 40 (3) (785 SE2d 883) (2016) (defendant adequately informed of right against self-incrimination where she was told that at a trial she "would have the right to testify as you choose" and that she "can't be required to testify" (punctuation omitted)); see also Rogers v. State, 286 Ga. 55, 56 (685 SE2d 281) (2009) (Boykin does not require use of "any precisely-defined language or 'magic words'" during plea hearing (citation and punctuation omitted)). Bennefield "cannot show from the existing record that his guilty pleas were invalid, and his claims therefore provide no basis for an out-of-time appeal." Frisby v. State, 304 Ga. 271 (818 SE2d 543) (2018).

(b) Bennefield contends that appointed counsel was ineffective in insisting that he take a plea to a defective indictment. He argues that the indictment "was deficient as to inform defendant of the specific acts or crimes in which he supposedly participated nor to specify of the overt act which defendant allegedly

committed." However, the indictment alleged that Bennefield committed armed robbery by taking from the immediate presence of Turner, with the intent to commit theft, a sum of money by intimidation and by use of a knife, an offensive weapon, see former OCGA § 16-8-41 (a); committed rape by having carnal knowledge of Bryant and Turner forcibly and against their will, see former OCGA § 16-6-1 (a); and committed murder by causing the death of Darby by stabbing her with a sharp object, see OCGA § 16-5-1 (a). The indictment uses the language of the applicable statutes, including the essential elements of each offense, and is sufficiently definite to have advised Bennefield of what he must have been prepared to confront. See Jackson v. State, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017) ("In sum, to withstand a general demurrer, an indictment must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute. If either of these requisites is met, then the accused cannot admit the allegations of the indictment and yet be not guilty of the crime charged."); see also Brooks v. State, 299 Ga. 474, 476 (1) (788 SE2d 766) (2016). As the indictment was not defective, Bennefield cannot show that his counsel was ineffective on the ground asserted. See Lizana v. State, 287 Ga.

7

184, 187 (2) (695 SE2d 208) (2010) (trial counsel not ineffective in failing to challenge indictment not subject to demurrer); see also Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984) (to prevail on ineffective assistance claim, defendant must show counsel's performance was deficient and that, but for the deficient representation, the outcome of the proceeding would have been different).

Bennefield argues further that, if not for counsel's insistence for him to take a plea, he "would have chosen the adversarial testing of trial, knowing the probability of the outcome to be different."[2] However, this claim requires "factual development beyond the existing record, so it provides no basis for the grant of an out-of-time appeal." Deloney, supra, 302 Ga. at 147 (2); see also Grace v. State, 295 Ga. 657, 659 (2) (b) (763 SE2d 461) (2014).

Because Bennefield's claims are either belied by the plea hearing transcript, without merit, or cannot be resolved on the existing record, the trial court did not err in denying his motion for an out-of-time appeal.

---

[2] Bennefield also asserts that counsel was ineffective in failing to inform him of the "specific acts or crimes in which he supposedly participated." But as explained above, Bennefield affirmed that he discussed the facts and circumstances of the case and the indictment with his counsel.

Judgment affirmed. Melton, C. J., Nahmias, P. J., Benham, Hunstein, Blackwell, and Peterson, JJ., concur.

Decided September 10, 2018 — Reconsideration denied October 9, 2018.

Murder. Fulton Superior Court. Before Judge Dunaway.

Michael Bennefield, pro se.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.